UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-MC-00058-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| APPROXIMATELY $100,000.00 SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER 000462168614, HELD IN THE NAME OF MARCONI COIN & JEWELRY EXCHANGE, CHARLES DUNBAR AND WILLIAM DUNBAR, | |
| Defendant. | |

As provided by the Stipulation for Consent Judgment of Forfeiture between the United States, William Dunbar and Charles Dunbar ("claimants"), the court finds:

1. On or about December 6, 2013, agents with the Internal Revenue Service – Criminal Investigation ("IRS") executed a Federal seizure warrant at Bank of America at 6705 Fair Oaks Boulevard, Carmichael, California. The agents seized approximately $100,000.00 from Bank of America account number 000462168614, held in the name of Marconi Coin & Jewelry Exchange, Charles Dunbar and William Dunbar (hereafter "defendant funds").

2. The IRS commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about January

27, 2014, the IRS received a claim from William Dunbar asserting an ownership interest in the defendant funds.

3. The United States represents that it could show at a forfeiture trial that from April 2, 2013 to June 20, 2013, William Dunbar or another person acting for his benefit, structured transactions by breaking up currency deposits to Bank of America account number 000462168614, held in the name of Marconi Coin & Jewelry Exchange, Charles Dunbar and William Dunbar. The defendant funds were allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000.00 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

4. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981.

5. Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant funds. Claimant William Dunbar acknowledges that he is the sole owner of the defendant funds and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimants shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter based on 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue based on 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8. The parties desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

/////

Based upon the above findings, and the files and records of the court, it is hereby ORDERED AND ADJUDGED:

9. The court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of this Consent Judgment of Forfeiture, $35,000.00 of the Approximately $100,000.00 seized from Bank of America account number 000462168614, held in the name of Marconi Coin & Jewelry Exchange, Charles Dunbar and William Dunbar, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981, to be disposed of according to law.

11. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $65,000.00 of the Approximately $100,000.00 seized from Bank of America account number 000462168614, held in the name of Marconi Coin & Jewelry Exchange, Charles Dunbar and William Dunbar, shall be returned to claimant William Dunbar.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed. Claimants waive the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

/////

/////

/////

1  15. As provided by the Stipulation for Consent Judgment of Forfeiture filed
2  herein, the court enters this Certificate of Reasonable Cause based on 28 U.S.C. § 2465, that there
3  was reasonable cause for the seizure of the above-described defendant funds.
4  IT IS SO ORDERED.
5  DATED:  February 6, 2015.

_____
UNITED STATES DISTRICT JUDGE